IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC JOHN WOLLSCHLAGER,

      Plaintiff,

v.

NANCY A. BERRYHILL,

      Defendant.

ORDER

15-cv-647-jdp

---

Pursuant to the parties' stipulation to remand, Dkt. 8, the court reversed the Commissioner's decision denying plaintiff Eric John Wollschlager's application for disability benefits and remanded the case for further proceedings, Dkt. 9. This court awarded Wollschlager's attorney fees in the amount of $5,475.91 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 13. On remand, the Commissioner awarded Wollschlager past-due benefits and withheld attorney fees in the amount of in the amount of $15,885.75.

Wollschlager's attorney petitions the court for a representative fee award under 42 U.S.C. § 406(b) in the amount of $15,885.75. Dkt. 14. Wollschlager signed a contingent fee contract and agreed to pay his attorney up to "(25%) of the past-due benefits." Dkt. 15-1, at 2. The $15,885.75 amount represents 25 percent of the past-due benefits. Dkt. 15-3, at 4. The Commissioner does not oppose the award. Dkt. 17.

Under § 406(b), a district court may award a claimant's attorney a representative fee for work performed before the court. This section of the Social Security Act provides that "a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). A claimant's attorney must demonstrate that within the 25 percent cap, the requested

fee is reasonable. *Id.* at 807, 809; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness.").

When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire*, 873 F.2d at 979, 983).

Here, Wollschlager's attorney represents that his team spent 28.3 attorney hours litigating Wollschlager's case before this court. Dkt. 15-2, at 2. The court notes that the contingency fee here is equivalent to an hourly rate of about $561.33 per hour ($15,885.75 for 28.3 hours of attorney work). Contingent fee agreements often produce fees that reflect large hourly rates, but they are not per se unreasonable. District courts across the country have awarded representative fees that reflect varying hourly rates, including $446, $625, $636, and $1,500. *Koester*, 482 F. Supp. 2d at 1083 (collecting cases). So $561.33 is within the realm of reasonable.

Wollschlager's attorney prepared a well-reasoned brief in support of summary judgment and prompted a stipulated remand, which ultimately led to a favorable determination before the Commissioner. The contingent fee agreement supports the requested award, and the award

2

amount is reasonable, so the court will grant the unopposed petition for attorney fees. The $15,885.75 amount must be offset by the EAJA fee award that the attorney already recovered, *Gisbrecht*, 535 U.S. at 796, so Wollschlager's attorney must refund the $5,475.91 EAJA fees to Wollschlager.

ORDER

IT IS ORDERED that the unopposed motion by plaintiff Eric John Wollschlager's counsel for attorney fees pursuant to 42 U.S.C. § 406(b), Dkt. 14, is GRANTED. The court approves a representative fee award of $15,885.75, provided that plaintiff's attorney returns the EAJA fees to plaintiff.

Entered November 1, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge